DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CATHERINE EVARISTE,**
Appellant,

v.

**SEMINOLE TRIBE OF FLORIDA** d/b/a
**SEMINOLE CASINO COCONUT CREEK,**
Appellee.

No. 4D2024-0628

[January 8, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE23003354.

Chad A. Barr and Dalton L. Gray of Chad Barr Law, Altamonte Springs, for appellant.

Mark D. Schellhase, Jordan S. Kosches, and Emily L. Pineless of GrayRobinson, P.A., Boca Raton, for appellee.

PER CURIAM.

Appellant Catherine Evariste appeals the trial court's dismissal of her complaint with prejudice, which she filed against appellee Seminole Tribe of Florida ("the Tribe") after allegedly sustaining an injury at one of the Tribe's casinos. The trial court's dismissal order specified that Evariste failed to comply with the prerequisite requirements of the 2010 Gaming Compact ("the Compact") governing tort claims filed against the Tribe. This dismissal decision was based on our rulings in *Seminole Tribe of Florida v. Webster*, 372 So. 3d 287 (Fla. 4th DCA 2023), and *Seminole Tribe of Florida v. Manzini*, 361 So. 3d 883 (Fla. 4th DCA 2023).

After the trial court orally dismissed the case, but before it rendered its written dismissal order, we issued *Seminole Tribe of Florida v. Pupo*, 384 So. 3d 187 (Fla. 4th DCA 2023), wherein we determined that a plaintiff's premature filing of a tort lawsuit under the Compact's terms did not "forever bar" the lawsuit.[1]  *Id.* at 191.  Evariste argues, and the Tribe

---

[1] The trial court heard arguments and orally granted the Tribe's motion to dismiss on December 18, 2023.  We issued *Pupo* on December 20, 2023, and the written dismissal order in the instant case was signed on December 22, 2023.  The trial

concedes, that this case warrants reversal under the circumstances here.[2] We agree. Accordingly, we reverse the final order of dismissal with prejudice, and remand for further proceedings.

*Reversed and remanded for further proceedings.*

WARNER, LEVINE and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

court entered its order denying Evariste's rehearing motion while this Court was considering motions for rehearing, rehearing en banc, and certification in *Pupo*.

[2] The Tribe's "Confession of Error and Consent to Reversal" states: "Although the Tribe, respectfully, disagrees with this Court's decision in *Pupo*, it recognizes that the facts of this case are substantially the same and, as a result, that *Pupo* controls the outcome of this appeal."

2